# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DUETSCHE BANK NATIONAL TRUST COMPANY,<br><br>        Plaintiff,<br> v.<br>JUDY K LEE,<br><br>        Defendant. | CASE NO. 3:18-cv-05256-RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO SUPERIOR COURT |

THIS MATTER comes before the Court on Plaintiff's Motion to Remand to Superior Court. Dkt. 9. Defendant has not filed opposition to the motion. The Court has considered the motion and the remainder of the file herein, including the Complaint on Unlawful Detainer. Dkt. 1-2.

## INTRODUCTION AND BACKGROUND

Plaintiff filed the Complaint on Unlawful Detainer in Pierce County Superior Court on January 19, 2018. Dkt. 1-2 at 1. The Complaint seeks declaratory judgment that Defendant is

unlawfully holding a Steilacoom, Washington residence, and that a writ of restitution be issued restoring possession to Plaintiff. *Id*. at 3. The Complaint also seeks "the amount of any accrued rent or other charges owing," *id*., an amount that Plaintiff concedes is far below $75,000. Dkt. 9 at 3, 4.

On March 29, 2018, Defendant filed a Notice of Removal, which cites diversity and federal question as the basis for this Court's jurisdiction. Dkt. 1-1 at 1. The Notice of Removal states that "Plaintiffs are attempting to deprive Defendants [*sic*] of their real property in violation of the RVW 61.24 [Washington Deeds of Trust Act] . . . Plaintiffs also are of a different sate [*sic*] and the amount in controversy exceeds 75,000[.]" *Id*. at 2. Defendant signed the Notice of Removal from a Steilacoom, Washington address. *Id*. at 3.

Although Plaintiff's motion is noted for Friday, May 18, 2018, because Defendant did not file a Response to the motion and Plaintiff's motion should be granted, no Reply is necessary, and the motion is ripe for consideration.

**REMOVAL AND FEDERAL QUESTION JURISDICTION**

Removal is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment. *Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc*., 159 F.3d 1209, 1211 (9th Cir. 1998); *Harris v. Provident Life and Acc. Ins. Co*., 26 F.3d 930, 932 (9th Cir. 1994). In the absence of subject-matter jurisdiction, the court is empowered to order remand of the action. 28 U.S.C. § 1446(c)(4). The Ninth Circuit has held that "[i]f a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it." *Id*. This Court has subject matter jurisdiction where a claim arises under the Constitution and laws of the United States, federal question jurisdiction, or where the claim arises between citizens of different states and the amount in controversy exceeds $75,000,

diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Removal jurisdiction statutes are strictly construed against removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). The burden of establishing federal jurisdiction falls on the party invoking removal. *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930 (9th Cir.1994).

Applied here, the case should be remanded, because the Court does not have subject matter jurisdiction over this case. First, the Court does not have federal question jurisdiction, because the sole claim in the Complaint on Unlawful Detainer is based on common law of the State of Washington, not the U.S. Constitution or federal law. *See* Dkt. 1-2Second, the Court lacks diversity jurisdiction. Under 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Even if Plaintiff and Defendant are citizens of different states, Defendant is undisputedly a citizen of the State of Washington, the same State in which this Western District of Washington action is brought. § 1441(b)(2). *See also*, *Spencer v. U.S. Dist. Court for N. Dist. of Ca.*, 393 F.3d 867, 870 (9th Cir. 2004).

Plaintiff's motion should be granted, and the case remanded to Pierce County Superior Court.

\* \* \*

It is HEREBY ORDERED:

1. Plaintiff's Motion to Remand to Superior Court (Dkt. 9) is GRANTED.
2. This action is REMANDED to Pierce County Superior Court.
3. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

IT IS SO ORDERED.

Dated this 15th day of May, 2018.

ROBERT J. BRYAN
United States District Judge